UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NGOZI EKECHI BEY,

       Plaintiff,

v.                              CASE NO. 3:15-cv-585-J-34MCR

STATE OF FLORIDA *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency,

construed as an application to proceed in forma pauperis ("Application") (Doc. 2).

For the reasons stated herein, the undersigned recommends that the Application

be **DENIED** and the case be **DISMISSED without prejudice**.

Plaintiff filed her Complaint and Application on May 11, 2015.  (Docs. 1 &

2.)  She alleges that she purchased a mobile home from Sandpiper Brokerage

Inc. in 2002, and she moved into the home in April of 2004.  (Doc. 1 at 4.)

Further, she seems to allege that "this case" was originally filed in state court in

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

2007 when "the defendant" filed false claims for distress rents.  (*Id.* at 1-2.)  In addition, Plaintiff alleges that Joseph I. Wolf stole her home and all of her property through the fraudulent claim filed in both state and federal court.  (*Id.* at 3.)

On June 8, 2015, the undersigned entered an Order taking the Application under advisement and directing Plaintiff to file, no later than June 30, 2015, a more detailed application and an amended complaint.  (Doc. 5.)  The undersigned stated:

> The information provided in Plaintiff's Application is insufficient to allow the Court to determine whether Plaintiff meets the financial criteria to proceed *in forma pauperis*.  (*See* Doc. 2.)  For example, it is unclear where Plaintiff resides, how he/she supports him/herself, and what is the source of Plaintiff's income of $8,928.00.  (*Id.*)  Therefore, the Court will order Plaintiff to carefully, legibly, and completely fill out, sign under penalty of perjury, and file the attached form, which is entitled "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."  Failure to comply with these instructions may result in a recommendation to the District Judge that the Application be denied.

(*Id.* at 2.)

The undersigned further stated:

> Based on the rambling, incoherent allegations of the Complaint, the Court is unable to discern the relevant facts in this case or the basis for the Court's jurisdiction.  Further, the Complaint does not include sufficient factual allegations showing Plaintiff's entitlement to relief.
> . . .
> Even when construed liberally, the Complaint fails to state any plausible claims.  Thus, the Court can, *sua sponte*, dismiss the action.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed.R.Civ.P. 12(h)(3).

2

> Nevertheless, the undersigned will not recommend dismissal at this
> time but, instead, will direct Plaintiff to file an amended complaint.

(*Id.* at 4-5.)  The Order provided: "If Plaintiff does not comply with this Order, the

undersigned will likely recommend that the District Judge dismiss this case for

failure to state a claim on which relief may be granted, lack of jurisdiction, and/or

want of prosecution."  (*Id.* at 6.)

When Plaintiff did not comply with the June 8, 2015 Order, on July 7, 2015,

the undersigned entered an Order directing Plaintiff to show cause in writing, no

later than July 21, 2015, why the undersigned should not recommend to the

District Judge that Plaintiff's Application be denied and the case be dismissed

without prejudice.  (Doc. 10.)  On July 22, 2015, Plaintiff objected to that Order as

follows:

> No issues pertaining to this case will be discuss [sic] with a
> magistrate judge as the plaintiff recalled [sic], there has been no
> contractual consent to any documents for consent of a magistrate
> judge to proceed in the matter . . . .
> Because you have insisted upon proceeding in this matter without
> the plaintiff's consent as required by 28 U.S.C. § 636, the plaintiff
> demands an entry for the record and on the record of your oath of
> office, delegation of authority, public bonding insurance.

(Doc. 11 at 2.)

A review of Plaintiff's filings, including her objection (*see* Docs. 7, 8, 9, 11,

12), indicated that Plaintiff was apparently confused as to the Magistrate Judge's

role in this case.  Therefore, on August 24, 2015, the undersigned entered an

Order advising Plaintiff to become familiar with 28 U.S.C. § 636(b)(1) and Local

Rule 6.01, as well as any other relevant rules and law, setting forth the powers and duties of Magistrate Judges.  (Doc. 13 at 2.)  Also, the undersigned gave Plaintiff "one, likely final, opportunity to file an amended complaint and a more detailed application in compliance with the Court's June 8, 2015 Order," no later than September 14, 2015.[2]  (*Id.* at 3-4.)  The undersigned warned Plaintiff that "[f]ailure to comply with this Order will likely result in a recommendation to the District Judge that the Application be denied and/or that this case be dismissed without prejudice if Plaintiff does not pay the filing fee."  (*Id.* at 4.)

On September 14, 2015, Plaintiff objected to the undersigned's August 24, 2015 Order.  (*See* Doc. 16.)  On September 17, 2015, Judge Howard overruled Plaintiff's objection, affirmed the August 24, 2015 Order, and directed Plaintiff to comply with the August 24, 2015 Order by October 16, 2015.  (Doc. 17.)  The Order provided: "Failure to do so will result in the dismissal of this matter without prejudice for failure to prosecute."  (*Id.* at 2.)

On October 13, 2015, Plaintiff filed a number of documents, including an objection to Judge Howard's Order (*see* Docs. 18, 19, 20), but again failed to file an amended complaint and an amended application, as directed by the Court's June 8, 2015, August 24, 2015, and September 17, 2015 Orders.  Moreover, as shown earlier, Plaintiff has been warned several times that failure to file an

---

[2] On June 11, 2015, Plaintiff filed a two-page document, entitled "Request to Proceed Without Payment of Costs by Petitioner."  (Doc. 6.)  However, Plaintiff did not use the long-form application attached to the Court's June 8, 2015 Order.

4

amended complaint and a more detailed application in accordance with the Court's Orders will result in a dismissal of her case for failure to state a claim on which relief may be granted, lack of jurisdiction, and/or want of prosecution. (Doc. 5 at 6; Doc. 13 at 4; Doc. 17 at 2.)  As Plaintiff has failed to file an amended complaint and a more detailed application despite being directed to do so by several Court Orders, this case should be dismissed and the Application should be denied.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Application (**Doc. 2**) be **DENIED** and the case be **DISMISSED** **without prejudice** for failure to comply with the Court's Orders, lack of jurisdiction, and failure to state a claim on which relief may be granted.

2.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 3, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

5

*Pro Se* Plaintiff